The next case for argument this morning is Schmees v. HC1.com, No. 22-1214. Good morning. May it please the Court. My name is Rich Blakelock. I'm here on behalf of Rachel Schmees to ask the Court to reverse the District Court's summary judgment ruling because the District Court erred by not considering facts from December 11th to December 14th, 2017 relating to ongoing representations to Ms. Schmees that there was, in fact, a job for her at HC1 when, in fact, there was not a job for her. Mr. Blakelock, why is your concession in the District Court that that was a different fraud theory than what you pled, not the end of this case? Are you talking about the footnote? The footnote. Well, I don't, I mean, I've looked at that and, obviously, I wish I had put the footnote in there, but . . . But it is a different fraud case. I mean, it is different. And Judge Hanlon even told you if it's not, if I got it wrong, if it's not, I think it's moot because I denied the motion to dismiss and you're just bringing the fraud claim. If it's not, come back to me in 30 days and explain to me why it's not and I'll give you a lead to amend. You didn't do anything. Well, I . . . It just seems like a bait and switch to me. Okay. I, well, I, I sort of look at it a different way, which is we pled in a, in paragraph 46, we, in 22 of our first amended complaint, we pled very specifically facts relating to Ms. Schmees being offered to join the HC team, the opportunity to be at HC1, which she relied on to accept the job. And then in our paragraph 46, our fraud claim, by representing to Ms. Schmees that HC1 was in excellent financial condition and had a job for her. I mean, that's the fraud. They kept representing . . . So, I, I wanted to ask what, what was in your, what do you hang your hat on for the first amendment complaint? And it's the, and she had a job, because I understood the first complaint to rely on her loss of, you know, her choice to leave the job, I suppose I should say a tiger text, and the various harms that occurred to her because of that, but I, but your opponents have said, look, you know, the, this proffering the agreement and having her sign promises about confidentiality don't even happen until she's already left, tiger text. It can't be a causal factor in the decision to leave. So, so how do we get that to be just more facts of the same fraud instead of facts pointing to a different fraud? Well, and, and that's why I think the district court took it a little bit too narrowly when it said, you know, you didn't allege a claim based on the, the agreement itself. Or, or anything post-leaving tiger text, I mean, I, I, I understand that the, I, in my personal opinion, the judge messed this case up when he called the second amendment complaint moot because he was wrong, and it wasn't, and it was alleging something, and there are lots of rules, Rule 15 about filing supplemental complaints about things that occur, but, but none of that gets teed up before the district court. So the question is, who's, who bears the, the burden of that? Is it you, or is it the fact that the judge said, you can come back and ask to amend, you should have come back with the second amended complaint and said, look, you know, there's actually more in this. There's something about fraudulently indicating that there's really a job here where three days earlier the board of directors had already abolished it. Right. And, and, and, and that's where I get to, you know, have a respectful disagreement with Judge Kirsch in terms of sort of this bait and switch. We laid it all out there in the second amended complaint. In the second amended complaint. Right. Right. But you never came back with it. Is it because you just didn't want to nag the judge? You thought he'd already definitively ruled it out? Or is it because you thought you'd lose in front of the district judge when you fought, when you, when you sought to amend the complaint a second time, were you afraid that the judge would deny leave to amend, and the easier path was to try to say, okay, it's moot, so it's already in there. And then in response to the summary judge, he says, ah, judge, look, it's already in there. And the judge says, no, it's not under rule nine. Yeah. It, it, to be honest with you, we, we, we pled it. H.C. 1 says it's the same claim, right? I mean, that's what they said. But you didn't plead it in the first amended complaint. Well, we did. We, we pled again. But you did not plead, let me be more specific, please. You did not plead any reliance on the employment agreement or the fact that H.C. 1 eliminated the job after she got there, before she signed the employment agreement. The, I guess. So, in other words, it's a specificity point. You're pointing to this one word, conduct, but this is rule nine land, you know, and the kind of specificity that Judge St. Eve is talking about is what you would expect to see. And, and I guess that's the point. We, we very specifically say, up until through December 7th, December 8th, when these negotiations are going on, the, the entire premise is, you have a job. December 8th, we know that the CFO says to the CEO, we should get rid of this job. Okay? Nobody says anything to us. We then show up on December 1st or December, drive up to Indianapolis to come start. Okay. And I understand your theory. It's, it's. It just wasn't in the first amended complaint, which is the problem. Well, I, I respectfully suggest that it is, which is looking at. But you, even you didn't argue that in response to the motion to dismiss the first amended complaint. So in, they filed a motion to dismiss. You did not say what you just told us and rely on the employment agreement in your argument in response to the motion to dismiss. So I don't know how you could say it was in there. But, but I, again, I step back and say, what is the actual representation? It's not what's in the employment agreement. It's the fact that we keep getting told there's a job, there's a job, there's a job, there's a job. Consummate the job. Sign this document. It's conditional employment. Sign it. Okay. Okay. Handing somebody a document when they know there's not an actual job is just another way of saying there's still a job here. And to get back to the original question, why didn't I do anything? We, we pled it. H.C. 1 says, same claims. Judge says it's moot. So you're essentially arguing waiver on H.C. 1's part? No, no. I mean, I'm not necessarily arguing waiver. You know, they're saying, gee, you should have then gone back to say, filed it again. Well, I was just told that my proposed second amended complaint is moot. Why am I going to refile? Because the judge invited you to. The judge said, you give me 30 days to file this again if you don't think it's moot. He said it was moot. He said he gave you, he didn't quite phrase it that way, actually. No, he didn't say that. He said it's moot and you have 30 days to amend. Well, I don't need to amend for the second complaint. He said the motion itself was moot. Not that any of your allegations in the second amended complaint were. He said the motion is moot and gave you 30 days to file an amended complaint. Correct. Which I read as, what you just gave to me is moot because it doesn't assert new claims like H.C. 1's saying, so I'm done. When I get to summary judgment, I do belt and suspenders to say, oh, by the way, this all happened to the extent you think it's a new argument, you should amend it again. Well, that's where it was in. I mean, you could have even moved for reconsideration because a lot is being packed into this word moot. You, giving you the benefit of the doubt, read it as saying it's moot because I don't need to amend the first amended complaint because everything that I've set forth in the second version is actually already adequately covered. Maybe that's what you thought. Plainly, by the time we get to the summary judgment stage, there are other ways to read it and there was a sense that this agreement-based fraud is really quite different from people saying there's lots of money coming in and we're excited about the acute care market or whatever else they were saying. Those three representations the first time around that Judge Hanlon found were adequately stated, but had he explained why it was moot, maybe you would have been in better shape. I 100% agree. My assumption is, here's the second amended complaint putting all those details in. H.C. 1 says it's the same claim. He says it's moot. Well, it must be the same claim. That's where we are. I see my time is up. I'd like to reverse them. Okay. Thank you. Ms. Poplowski? Good morning. Carol Poplowski on behalf of the defendant, FLEHC1.com. I'd like to point out that the time for some belts and suspenders approach that counsel just spoke about would have been at the time that the court denied the motion to amend the second amended complaint. But, you know, here's what worries me about your position. District judges make rulings. There's no need under the rules to take exceptions to those rulings or whatever. They make rulings and they're there to be respected. It seems like you are saying that there's a duty to nag. You should go back. Even though the judge has just said your motion to file the second amended complaint is moot, you're supposed to come back and say, no, judge, we really want to file the second amended complaint. Why isn't the judge just going to say, I just told you it was moot? You know, what's the new value added? And when the judge says it's moot, how else could you understand it than in the way that suggests that these allegations in the first complaint, and I'm putting to one side whether that's right or wrong under Rule 9, it might not be right, but why isn't it a sign that the judge thinks the second amended complaint is superfluous, that it's all ready in the first complaint? Because if the judge thought that, he would not have invited further consideration of it by waiting 30 days. How do you know? It's an open-ended thing. For all he knows, there's going to be more discovery, new theories, you know. What in that statement limits the leave to amend to what was in the second amendment complaint? I would say nothing. The judge is just generically leaving the door open. It isn't generically leaving it because of the time frame given. If it was generically leaving it open to see what further discovery would uncover. Don't be silly about time frame. I'm saying there's no topical, he's not saying your leave to amend is contingent on your He's just saying you're going to have 30 more days, you want to come back with something else, it could be anything else, you have my permission to do so. The background of the case I think is also interesting in that they, plaintiffs originally filed an amended complaint, defendant filed a motion to dismiss that amended complaint. Upon the filing, opposing counsel asked if they could file an amended complaint, we did not object to that. They filed the first amended complaint, we filed a motion to dismiss that. It's fully briefed and in between that time they now file a motion for a second amended complaint. But they do actually, when there's the motion for leave to file a second amended complaint, you guys say the proposed second amended complaint does not raise new claims and does not add new parties. We're playing off the language that was used in their motion and how they characterized it. Why isn't that a gigantic concession on your part, the second amended complaint, it sits comfortably inside the boundaries of the first amended complaint. Because we argued primarily that the court should deny the motion as moot and allow it to rule first on the first amended complaint. And there's nothing in the rules that prevents them from doing exactly what they did. It's not that unusual to file a motion for leave to amend after a motion to dismiss has been filed and responded to. No, but you're putting, everybody's trying to infer what the judge was thinking and I think it's easy for him to be inferring and thinking, my gosh, they keep changing their theories every time one of them dissipates. They remove some of the allegations in response to the first amended and to what the misrepresentations were. Now here's the second amended. But I want to go back to your concession that the proposed second amended complaint does not raise new claims and does not add new parties. We know it's no new parties. It doesn't raise new claims. It didn't raise a new. What did you mean by that? Well, it didn't raise a new claim in this regard. If you look, if you distill a fraud claim down to a simplest form, you have an action and a reaction. And the action and relation to the first amended complaint was these misrepresentations during the recruiting process that caused her to, and that's the same action and reaction that's pled in the first amended complaint. And so what I want to say is since we got rid of the forms of action back in 1938 or before, pleading is just supposed to be a very preliminary thing. She has pleaded in detail that your company defrauded her when it was in the process of offering her this new position. And it did so through a course of conduct. Part of that course of conduct was misrepresentations during the interview process. Part of that course of conduct was in the so-called onboarding process where you give her this agreement where you actually know that three days earlier, concrete action, the board of directors has completely eliminated not just her position but several other people's positions too. And so that's all just a course of conduct of fraud that has led her to rely detrimentally on you. And so in that sense, you know, we don't parse every claim down. A claim is a series of connected transactions and occurrences. It's not each individual factoid. Well, if you look at the second amended complaint, though, that was proposed, if you look at the fraud, how it's pled, it says during its recruitment of Ms. Schmees, HC1 represented both HC1's financial condition and stability and availability of a position of employment for Ms. Schmees. Yeah. And then it says in paragraph 59 that she relied to her detriment on this to leave a secure position with Tiger Tax. It's a different reaction. This whole employment agreement is a different react, she had to have relied on it differently and it had to have imposed some of these. Are you saying she's already left? She's already, by the time she signs the non-compete, which is the second fraud allegation, she left. She left. But she's still doing some work for Tiger Tax. She was. At this point, there's overlap. There is overlap. But if you look at, you know, they keep calling it an employment agreement. It's an employee confidentiality non-solicitation agreement. It's very standard. It defines. But drawing all inferences in their favor, if that claim were allowed to go forward, to have somebody sign a document entitled employment agreement that addresses confidentiality and other things when they know they've terminated her job, it doesn't necessarily sound like it's straightforward. It's not entitled an employment agreement. It's an employee confidentiality and non-solicitation agreement. And it's... It says the word employee, though, at a time when you already knew that she was not going to be an employee. She was. She was. She worked for a week. She went out and did a client visit. But you knew she... They were eliminating her position at the time she signed that. There are... I've walked into many... But even if she worked for five minutes, she would have still sought that, right? Because the point of it is, any information you learned here while you were having a cup of coffee is subject to this non-compete. You can't take it to your competitor. She signs it. And it's not only that. It's the confidential information, which she was, you know, she was given confidential information during her first week of employment. She went and visited a client. I signed NDAs going out to my client's manufacturing facilities for the day to tour, because it's proprietary on their end. You don't have to be an employee to be subjected to it. There's nothing fraudulent about this. When she was given confidential information during her week of employment, she visited clients. And it's very narrowly tailored, because even with respect to the non-compete provisions, it's only as to those clients she had some meaningful... Can I ask you a question about the motion for leave to file a second amendment complaint? In the motion for leave to file a second amendment complaint that plaintiff filed, did they tell the district judge, we are adding a new fraud claim? They didn't. I don't believe they did. But in their footnote in response to the motion for summary judgment, they say that the first amendment complaint did not expressly allege fraud on the basis of the account executive position being eliminated prior to HC1 issuing, prior to her signing that employment agreement. So they admitted it in the footnote, too, to their response to our motion for summary judgment that it wasn't pled in there. And I'd say, if they didn't believe that that was a new claim, why is there even a necessity for a footnote like that? And certainly that came a year after they were given the opportunity and the invitation by the district court to file a second amended complaint when it ruled on the motion to dismiss with respect to the first amended complaint. Now I think it's important to note that this whole concept of fraud and that what the employment agreement, being a possible fraudulent act, is that there is no evident... ...what she relied upon with respect to that and how it damaged her. And I think that highlights why it is a separate fraud claim. It's a fraud claim based on conduct as opposed to fraud claim based on misrepresentations that were allegedly made to her during the period that she was being recruited. I also feel as though the claim that was made by Ms. Schmees that we had notice of this I think it's clear from the record that we had no notice that she was going to be pursuing a claim based on this agreement. Were those lines of questions asked at all during depositions? Questions about what? Questions about what they have alleged, the employee agreement, the confidentiality agreement, and her reliance on that? No, they were not asked during any of the discovery. Was that after the judge had dismissed this as moot? There was one corporate rep deposition taken, and I believe the plaintiff's was after that. Thank you, Ms. Puckett. Thank you. May it please the court. Very briefly, I'm not sure I agree with the deposition testimony. I just don't remember. Number two, to be clear, what we're saying is that document represents yet another representation that there is a job here for you when in fact there was not. Mr. Blake, when you filed your motion to leave to file a second amendment complaint, did you tell the district judge, we are adding a new fraud claim? No, we said we're adding more facts. Right, so it's the same claim, right? And that's why the district judge says, you know what, it's the same claim, I'm denying it as moot. I don't have to go through your complaint word for word for word. You've already told me this in your motion. And by the way, if I got it wrong, just file a leave to amend within 30 days and explain to me how I got it wrong. And you didn't do anything. Well, that presumes a lot of things that I wasn't aware of. Number two. Well, what did you say in your motion specifically? We said we now know when they knew. And so we added more facts. Added more facts. Right. And the judge said, well, you don't need the new facts because I've denied the motion to dismiss. You never told him we're filing a new fraud claim. Well, and nobody thought we were, and I guess that's the point. Really briefly, this notion that this is just some form document, this is the defendant's language from docket 90, page 19, quote, defendant asked plaintiff to sign this employment agreement as a condition of her employment. That's from the defendant. So it's not just some willy-nilly document. It was a condition of employment. The last thing is, Rule 9, even in the specific provisions of Rule 9, is notice. They had notice when we filed our second amended complaint and said, no bother. That doesn't excuse you from the requirements of Rule 9b, just assuming they know. It's an essentially admission that we satisfied. Yeah, we know what that claim's about. The whole claim is about you continue to make statements to her that there was a job. You still have to plead it under 9b. That doesn't excuse the 9b. Yeah. There was a job there, and there was not. Thank you. Thank you. The case will be taken under advisement.